JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
Facsimile:  (408) 535-5081
Email: james.scharf@usdoj.gov

Attorneys for Federal Employee
Tonja Jackson

** E-filed August 10, 2010 **

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HOUSING AUTHORITY OF THE COUNTY
OF SANTA CLARA,

           Petitioner,
    v.

COLLEEN MARIE COURTNEY,

           Respondent.

CASE NO. 10-02469 HRL

ADMINISTRATIVE MOTION TO
VACATE CMC AND RE-DESIGNATE
CASE AS A MISCELLANEOUS
CASE; DECLARATION OF JAMES A.
SCHARF IN SUPPORT AND
[PROPOSED] ORDER

     Federal Employee Tonja Jackson hereby requests the Court to vacate the August 17, 2010, Case Management Conference and to re-designate this federal subpoena proceeding as a "miscellaneous" case. **Petitioner Housing Authority of the County of Santa Clara ("HACSC") does not object to this request.** For the following reasons, the Court should grant this request:

     HACSC filed an application for a restraining order against Colleen Marie Courtney in Santa Clara County Superior Court ("Application").  HACSC issued a state court civil subpoena for personal appearance of United States Department of Housing and Urban Development ("HUD") employee Tonja Jackson to testify as a witness at a hearing on said Application.  By letter dated May 17, 2010, HUD objected to that subpoena.  Scharf Declaration, Exhibit A.

     On June 4, 2010, Federal Employee Tonja Jackson filed a Notice of Removal of Non-Party

Administrative Motion to Vacate CMC, et al.,
Housing Authority v. Courtney, Case No. 0-02469 HRL

Subpoena for Personal Appearance and Testimony of HUD Employee Tonja Jackson. Said removal removed only the subpoena proceeding; the underlying Application remained in state court. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 68 (4th Cir. 1989); *Swett v. Schenk*, 792 F.2d 1447, 1450-51 (9th Cir. 1986).

The underlying Application was heard in Santa Clara County Superior Court on July 6, 2010, without the testimony of Federal Employee Tonja Jackson, and was denied. By letter dated July 19, 2010, HACSC requested HUD to reconsider its position. Scharf Declaration, Exhibit B. By facsimile sent on July 30, 2010, HUD responded that its position remained unchanged. Scharf Declaration, Exhibit C.

Given that the underlying proceeding is concluded, HUD requested HACSC to stipulate to a dismissal without prejudice of this federal proceeding. Counsel for HACSC responded that he would respond to HUD'S request on August 10, 2010, which is the same date that the parties' Joint CMC Statement is due.

In the event HACSC is unwilling to stipulate to a dismissal without prejudice of this subpoena proceeding, federal employee Jackson intends to file an appropriate motion as the subject subpoena appears to be moot.

Dated: August 5, 2010      By:      /s/ *James Scharf*
                                    _____
                                    JAMES A. SCHARF
                                    Assistant United States Attorney
                                    Attorney for Federal Employee
                                    Tonja Jackson

Administrative Motion to Vacate CMC, et al.,
Housing Authority v. Courtney, Case No. 0-02469 HRL

## DECLARATION OF JAMES A. SCHARF

I, JAMES A. SCHARF, declare:

1. I am an Assistant United States Attorney, Northern District of California and am counsel of record for federal employee Tonja Jackson in this case. The matters in this declaration are based upon my personal knowledge or my review of the case files. I could testify competently to these matters if called upon to do so.

2. A true and correct copy of HUD'S May 17, 2010, Rule 45 Objection Letter is attached hereto as Exhibit A.

3. A true and correct copy of Mr. Emmert's July 19, 2010, letter is attached hereto as Exhibit B.

4. A true and correct copy of my July 30, 2010, letter (sent via e-mail and fax) to Mr. Emmert is attached hereto as Exhibit C.

5. On August 5, 2010, I spoke with Mr. Emert on the telephone. He stated that he would respond to my request that his client stipulate to the dismissal without prejudice of this federal proceeding by August 10, 2010, when his client returned to the office. He further stated that he did not object to this request to vacate the CMC and re-designate the case as a "miscellaneous" matter.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed at San Jose, California, on August 5, 2010.

        /S/
James A. Scharf

## [PROPOSED] ORDER

Good cause appearing, it is hereby ordered that the August 17, 2010, CMC is vacated and that the Clerk shall cause this case to be re-designated as a "miscellaneous" matter.

Dated: August 10 2010

Hon. Howard R. Lloyd
United States Magistrate Judge

Administrative Motion to Vacate CMC, et al.,
Housing Authority v. Courtney, Case No. 0-02469 HRL

# Exhibit A



U.S. Department of Housing and Urban Development
Office of the Regional Counsel – Region IX
600 Harrison Street, 3rd Floor
San Francisco, California 94107-1387
www.hud.gov
espanol.hud.gov

May 17, 2010

*Via Mail & E-Mail*

Mr. Benjamin A. Emmert, Esq.
Mr. Robert J. Wilger, Esq.
Littler Mendelson
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
Email: BEmmert@littler.com
　　　　RWilger@littler.com
Ph: (408) 795-3496

Subject:　Rule 45 Objection Letter in Response to Subpoena for
　　　　　Personal Appearance and Testimony of HUD Employee Tonja Jackson

Dear Mr. Emmert & Mr. Wilger:

　　On May 14, 2010, this Office received an email from Littler Mendelson, which indicated that the hearing for which Littler Mendelson subpoenaed the personal appearance and testimony of HUD Employee Tonja Jackson will not go forward on May 18, 2010, as set forth in the subpoena; and will instead be held on June 8, 2010. This letter nevertheless formally responds to the above-referenced subpoena and letter this Office received on May 6, 2010 requesting the personal appearance and testimony of HUD Employee Tonja Jackson in Housing Authority of the County of Santa Clara v. Colleen Marie Courtney, Superior Court of California, County of Santa Clara, No. 110CH003048. HUD regulations at 24 C.F.R. § 15 prohibit the testimony of HUD employees without the approval of the Secretary or a delegatee. Public Access to HUD Records Under the Freedom of Information Act and Testimony and Production of Information by HUD Employees, 24 C.F.R. § 15 (2009).

　　While HUD has not yet had the time to determine its final response to your subpoena and Littler's Mendelson's May 14, 2010 email indicates that the hearing for which Littler Mendelson subpoenaed personal appearance and testimony will not go forward on May 18, 2010, in an abundance of caution to protect the rights of HUD and its employee, this letter serves as a formal written objection to your subpoena.

　　Since you have not yet complied with HUD's regulations, HUD cannot yet process your request, and will not be able to do so unless you comply with the regulations. If you wish to seek HUD approval for the testimony of a HUD employee, you need to submit a written request that properly addresses the requirements and standards set forth in the regulations. See 24 C.F.R. § 15 (2009); Touhy v. Ragen, 340 U.S. 462 (1951); In Re Boeh, 25 F.3d 761, 763-67 (9th Cir. 1994). After you have provided the necessary information, HUD can begin to process your request. Pursuant to 24 C.F.R. § 15.203(a)(1) (2009), you should allow at least 30 days for HUD's review.

HUD notes, as a preliminary matter, that on April 21, 2010, HUD provided Littler Mendelson Attorney Benjamin Emmert with the declaration of HUD Employee Tonja Jackson in lieu of testimony pursuant to 24 C.F.R. § 15.204(a)(2)(v) (2009); and in response to Attorney Emmert's request for the declaration of HUD Employee Tonja Jackson. In Littler Mendelson's May 6, 2010 letter to HUD, Attorney Emmert writes that "Ms. Jackson's testimony about her conversation with Ms. Courtney . . . cannot be introduced by documents, declarations or affidavits;" and that the Court may "exclude any testimony . . . based on hearsay." HUD notes, however, that California Evidence Code Section 1280 sets forth, in part, that "[e]vidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule . . . to prove the act, condition, or event" when the official writing is made by and within the scope of duty of a public employee. Cal. Evid. Code § 1280 (2010). If you are aware of any authority to the contrary, please advise us.

HUD further notes, as a preliminary matter, that Littler Mendelson's May 6, 2010 letter to HUD makes reference to Pedro Hernandez, an employee of Property Management, Inc., who was not referenced in the April 21, 2010 declaration or disclosure of information. HUD therefore requests clarification as to the particulars of the testimony sought; the type of testimony requested; the need for and relevance of the requested testimony; whether the testimony is available from any other sources; as well as why the provision of testimony is appropriate under the governing rules of procedure, as the declaration already provided to Littler Mendelson on April 21, 2010 is based on facts alone and specifically does not reference Property Management, Inc. or Employee Pedro Hernandez.

We must inform you that, as a general matter, HUD is strongly disposed against the approval of live testimony by HUD witnesses. There are three major reasons for this. First, we have a responsibility "to conserve the time of employees for conducting official business." See 52 Fed Reg. 12159 (April 15, 1987). Due to the nature of the programs HUD administers and enforces, HUD employees are particularly vulnerable to the demands of private parties seeking information acquired by HUD. If HUD employees were routinely required to testify in private civil suits, significant loss of staff hours would predictably result. The courts have expressed a legitimate concern that the time and energies of public officials be conserved for the public's business and noted that a failure to place responsible limits upon the access of private litigants to HUD officials as sources of routine information would result in a severe disruption of the government's primary function. See Community Federal Savings and Loan v. Federal Home Loan Bank, 96 F.R.D. 619, 621 (D.D.C. 1983); see also Davis Enterprises v. U.S. Environmental Protection Agency, 877 F.2d 1181 (3rd Cir. 1989)(Regional Counsel did not abuse discretion or otherwise err in preventing agency employee from using agency time to give deposition testimony on appellants' behalf in private litigation).

Second, the subpoenaed official seldom has facts beyond what is presented in existing documents in HUD files. As a substitute for testimony, HUD may be able to produce authenticated documents pursuant to 24 C.F.R. § 15.205(b) that are admissible into evidence without sponsorship of a witness in attendance at trial. Third, given the nature of modern discovery rules and techniques, and the availability of most HUD documents via the Freedom of Information Act, our experience is that counsel should rarely find it necessary to seek personal

testimony of HUD employees on HUD-related matters. Thus, requests for testimony of HUD employees are often unduly burdensome.

Any efforts to elicit testimony by HUD employees without the proper approvals will be opposed by the United States Attorney's Office through a motion to quash or a protective order. A subpoena proceeding against a federal employee or agency to obtain information is an action the effect of which falls upon the government and seeks to compel it to act. Boron Oil Co. v. Downie, 873 F.2d 67, 69 (4th Cir. 1989). No waiver of sovereign immunity exists in the typical state court subpoena matter involving an Executive agency; thus, state courts lack the power to compel such agencies and their employees to produce government records or other evidence. Id. at 71; Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998); Houston Bus. Jour. V. Office of Comp. Treasury Dept. 86 F.3d 1208 (D.C. Cir. 1996); Louisiana v. Sparks, 978 F.2d 226, 234-36 (5th Cir. 1992); Edwards v. U.S. DOJ, 43 F.3d 312, 317 (7th Cir. 1994); In Re Elko County Grand Jury, 109 F.3d 554, 556 (9th Cir. 1997). Moreover, a state court's assertion of power to decide whether a subpoena should be enforced would violate the Supremacy Clause of the United States Constitution. Boron Oil Co., 873 F.2d at 71.

In any event, a litigant must comply with a Federal agency's regulations prior to seeking court relief. See Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600, 603 (5th Cir. 1966); Marcoux v. Mid-States Livestock, 66 F.R.D. 573, 575 n.1 (W.D. Mo. 1975); see also In Re SEC, 374 F.3d 184, 192 (2nd Cir. 2004)(exhaustion of Touhy regulations required to obtain APA review of decision not to approve employee testimony); U.S. v. Bizzard, 674 F.2d 1382, 1387 (11th Cir. 1982). Moreover, a court cannot compel a subpoenaed agency employee to disobey applicable Federal agency regulations or an agency decision made under such regulations. Touhy v. Ragen, 340 U.S. 462 (1951); Boron Oil Co., 873 F.2d at 69-70; Edwards v. U.S. DOJ, 43 F.3d 312, 316-17 (7th Cir. 1994); In Re Boeh, 25 F.3d 761, 763-67 (9th Cir. 1994); United States Steel Metal Corporation v. Mattingly, 663 F.2d 68 (10th Cir. 1980). You have not yet complied with HUD's regulations concerning subpoenas.

We recognize that a particular case may present circumstances that may justify HUD's exercise of its discretion to permit its employees to testify in matters related to their official duties in response to a third-party subpoena. It is for that reason that we offer you the opportunity to submit a request for testimony approval in the manner described herein.

Should you have any questions, or wish to discuss this matter, please call Attorney Brooke W. Howell of my staff at (415) 489-6513.

Sincerely,

*[signature]*, ARC for WME

William M. Elsbury
Regional Counsel

# Exhibit B



Littler Mendelson, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303

Benjamin A. Emmert
408.795.3496 direct
408.998.4150 main
bemmert@littler.com

July 19, 2010

**SENT VIA U.S. MAIL**

William M. Elsbury
U.S. Department of Housing and Urban Development
Office of Regional Counsel-Region IX
Regional Counsel
600 Harrison Street, 3rd Floor
San Francisco, CA 94107-1387

Re: *Housing Authority of The County of Santa Clara v. Colleen Marie Courtney*
Santa Clara County Superior Court, Case No.: 110CH003048

Dear Mr. Elsbury:

This is written to follow up on our subpoena for the US Department of Housing and Urban Development ("HUD") employee, Tonja Jackson, to appear and testify at a hearing on the Housing Authority of the County of Santa Clara and Property Management, Inc.'s requests for restraining orders on behalf of their employees, Christy Hang, Maria Seradilla and Pedro Hernandez. As you recall, the Housing Authority of the County of Santa Clara and Property Management, Inc. moved for these restraining orders after being notified by Ms. Jackson that a Colleen Courtney had called her and stated that she wanted Ms. Hang and Ms. Seradilla to "back off" or she would "bash their heads in" and she wanted to "kill" Housing Authority employees. We believed these statements constituted creditable threats of violence and therefore sought restraining orders on behalf of these employees.

In preparation for original hearing, we subpoenaed Ms. Jackson as a witness. We did this because she was the individual to whom Ms. Courtney made the threats and was the only person who could testify as to what Ms. Courtney actually said during the call. As I previously discussed with your office, absent Ms. Jackson's testimony, we were concerned that the Court might deny our requests because there was no direct evidence of the threats and/or because Ms. Jackson was not available for cross-examination.

Despite our concerns and the serious nature of Ms. Courtney's threats, HUD did not allow Ms. Jackson to appear and testify at the hearing. Among the reasons given for not allowing Ms. Jackson to testify was that she submitted a declaration which HUD believed was sufficient to support the Housing Authority of the County of Santa Clara and Property Management, Inc.'s requests. Unfortunately, this was not the case.

William M. Elsbury
July 19, 2010
Page 2

The Judge denied our requests for the restraining orders because Ms. Jackson did not appear and testify at the hearing. Absent Ms. Jackson's testimony, the Judge believed that he could not determine whether Ms. Courtney's statements constituted creditable threats of violence or whether they were made under circumstances indicating she meant no harm to anyone. In other words, absent Ms. Jackson's testimony, the Judge believed that there was insufficient evidence to support issuing the restraining orders. Had Ms. Jackson appeared and testified, the Judge indicated he might have ruled otherwise.

We therefore request that HUD review its decision and allow Ms. Jackson to appear and testify at a subsequent hearing on the Housing Authority of the County of Santa Clara and Property Management, Inc.'s requests for restraining orders on behalf of their employees, Christy Hang, Maria Seradilla and Pedro Hernandez. Absent Ms. Jackson's testimony we will be unable to obtain these restraining orders. We believe the Judge's initial denial of the restraining orders based on Ms. Jackson's absence justifies HUD exercising its discretion and permitting Ms. Jackson to appear and testify at a subsequent hearing.

Sincerely,

Benjamin A. Emmert

BAE/prl

Cc: James A. Scharf, Esq.

Firmwide:96427528.1 021231.1000

# Exhibit C



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*150 Almaden Boulevard, Suite 900*  (408) 535-5044
*San Jose, California 95113*  (408) 535-5081

July 30, 2010

<u>***Via FAX: 408-288-5686 (2 pages total)***</u>

TO:  Brad Emmert


RE:  Housing Authority of The County of Santa Clara v. Colleen Marie Courtney


Dear Mr. Emmert:

In response to your letter dated July 19, 2010, to Mr. Elsbury, please be advised that my client's position regarding the live testimony of Ms. Jackson has not changed. In addition to the reasons set forth in Mr. Elsbury's May 17, 2010, letter to you and Mr. Wilger, we are unable to grant your request for the following additional reasons:

**1**  As we have discussed several times, Ms. Jackson, as the investigator assigned to Ms. Courtney's complaint, needs to develop a collaborative relationship with Ms. Courtney in order for Ms. Jackson to do her job. If Ms. Courtney's complaint is determined to have merit, Ms. Jackson could become her advocate. We are concerned that requiring Ms. Jackson to testify against Ms. Courtney in open court could undermine their professional relationship and thus compromise Ms. Jackson's ability to do her job.

2  As I was unable to attend the July 6th hearing and have not yet obtained a transcript of same, I am unable to conclude that Ms. Jackson's absence was the sole reason your request for a restraining order was denied. I understand from observing the mediation that Ms. Courtney had other potentially persuasive arguments to make in her defense, including her lack of a history of violence. I also recall that you told me that you unsuccessfully attempted to obtain a continuance of the July 6th hearing because other witnesses were not available to come to court on that particular day.

**3.**  In addition, there is a procedural problem with your request. Ms. Jackson has not been served with a subpoena for any future hearing. Indeed, as your request for a restraining order was heard and denied, this particular case appears to be over and thus cannot support the issuance of an additional subpoena.

**4.**  Your initial desire to secure Ms. Jackson's live testimony was apparently predicated on your fear that Ms. Jackson's declaration would be considered inadmissible hearsay. We subsequently provided you with legal research to support the proposition that the declaration was admissible. We further understand that the declaration was, in fact, admitted into evidence.

**5.**  While we appreciated your efforts to try to amicably resolve the case, one could argue that you should have promptly filed a motion to compel in federal court after it appeared the case could not be

settled. I am reasonably confident that the state court judge would have continued the hearing until your motion to compel was adjudicated by Magistrate Judge Lloyd. Alternatively, you could have requested Judge Nichols to suspend the hearing or to deny the application without prejudice to preserve your ability to renew your application with the live testimony of Ms. Jackson, in the event Magistrate Judge Lloyd ordered Ms. Jackson to testify live in state court.

6.      We understand that there have been no additional threats since the incident described in your application. As we discussed, perhaps it is best for all to let sleeping dogs lie.

   As you are aware, the removed subpoena proceeding is still pending in federal court. Our joint CMC Statement is due August 10th. In light of Judge Nichol's ruling, we believe the pending federal case is now moot and should be dismissed without prejudice. We again request that you sign the dismissal without prejudice that we previously sent you. If you fail to dismiss this action without prejudice, I will probably procedd to file a motion to dismiss for lack of subject matter on the grounds that the removed subpoena proceeding is now moot. Please reply to all as to how you intend to proceed.

   While we regret that we cannot be of further assistance, we do thank you for the professionalism that you consistently displayed in all of your interactions with us.

   Very truly yours,

   James A. Scharf
   Assistant United States Attorney
   (408) 535-5044